UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT GROSZ,<br><br>　　　　　　Defendant. | Case No. CR17-28RSL<br><br>ORDER DENYING DEFENDANT'S MOTION TO VACATE PRELIMINARY ORDER OF FORFEITURE |

This matter comes before the Court on defendant Robert Grosz's "Verified Motion to Vacate Preliminary Order of Forfeiture." Dkt. # 53. Defendant asks the Court to vacate its preliminary order (Dkt. # 45) forfeiting five firearms seized in connection with defendant's violation of 18 U.S.C. § 922(a)(6), or alternatively to stay a final order of forfeiture pending resolution of defendant's forthcoming 28 U.S.C. § 2255 petition. Defendant argues that the Court lacked jurisdiction to enter a preliminary order of forfeiture because the firearms in question were not identified in the government's complaint.

Federal Rule of Criminal Procedure 32.2 provides that a "court must not enter a judgment of forfeiture in a criminal proceeding unless the indictment or information contains notice to the defendant that the government will seek the forfeiture of property as part of any sentence in accordance with the applicable statute." Fed. R. Crim. P. 32.2(a). Defendant's indictment included an "Asset Forfeiture Allegation" that notified defendant that "[u]pon conviction of the

ORDER DENYING DEFENDANT'S MOTION TO
VACATE PRELIMINARY ORDER OF FORFEITURE - 1

offense alleged in Counts 1–4 of the Indictment, ROBERT WILLIAM GORDON GROSZ shall forfeit to the United States, pursuant to Title 26, United States Code, 5872(a), any firearms and ammunition involved in the commission of the offenses, including the firearms identified in Counts 1–4 of the Indictment." Dkt. # 15 at 4.  Though Fed. R. Crim. P. 32.2(a) provides that "[t]he indictment or information need not identify the property subject to forfeiture . . . that the government seeks," Counts 1 and 3 of defendant's indictment specifically identify the five firearms identified in the preliminary order of forfeiture. See Dkt. # 15 at 1, 2; Dkt. # 45 at 1. Accordingly, the government satisfied the notice requirement for criminal forfeiture and this Court was authorized to enter a judgment of forfeiture in defendant's case.

Defendant also argues that the Court lacked jurisdiction to enter a preliminary order of forfeiture because defendant filed administrative petitions with ATF and CPB to retrieve his firearms, and because these petitions are still pending.  But the administrative proceeding to which defendant refers allows third parties with an interest in the forfeited property to challenge the forfeiture; it does not allow a defendant to prevent the criminal forfeiture of property involved in his case. See 28 C.F.R. § 9.1 (stating that the purpose of the proceeding outlined in 28 C.F.R. Part 9 is "to provide a basis for the partial or total remission of forfeiture for individuals who have an interest in the forfeited property *but who did not participate in, or have knowledge of, the conduct that resulted in the property being subject to forfeiture*" (emphasis added)).

Pursuant to Fed. R. Crim. P. 32.2, the Court's preliminary order of forfeiture became final upon entry of the judgment in defendant's case, which specifically incorporated the list of firearms in the preliminary order. See Fed. R. Crim. P. 32.2(b)(4); Dkt. # 46 at 7.  Defendant may appeal the forfeiture order, if he chooses. See Fed. R. Crim. P. 32.2(b)(4)(C).  But the Court denies defendant's request to vacate its preliminary order of forfeiture for the reasons stated above.

ORDER DENYING DEFENDANT'S MOTION TO
VACATE PRELIMINARY ORDER OF FORFEITURE - 2

1   Accordingly, defendant's motion (Dkt. # 53) is DENIED.

3   DATED this 24th day of July, 2017.

                           /s/ Robert S. Lasnik
                           Robert S. Lasnik
                           United States District Judge

ORDER DENYING DEFENDANT'S MOTION TO
VACATE PRELIMINARY ORDER OF FORFEITURE - 3